IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


GREG BARTON WELCH, SR., and            07-CV-1185-AC
CAROLYN WELCH,

       Plaintiffs,                  OPINION AND ORDER

v.

RENEE FREDERICKSON and
BOZZIO'S RESTAURANT AND
LOUNGE CORPORATION, an Oregon
Corporation d/b/a THE
GARFIELD RESTAURANT,

       Defendants.

JON M. EGAN
Jon M. Egan, P.C.
240 Sixth Street
Lake Oswego, OR 97034
(503) 697-3427

       Attorney for Plaintiffs


1 - OPINION AND ORDER

**DAVID BRUCE LARSEN**
Larsen at Law
2604 N.E. Highway 101, Suite B
Lincoln City, OR 97367
(541) 996-2766

      Attorney for Defendants

**Brown, Judge.**

    This matter comes before the Court on the Order to Show Cause (#35) as to why the Court should not hold Defendant Renee Frederickson in contempt for violation of the Court's Temporary Restraining Order and Preliminary Injunction *Pendente Lite* (#26) issued on December 19, 2007, and for giving false deposition testimony under oath. The Court's Order also directed Frederickson to show cause as to why the Court should not order her, *inter alia*, to compensate Plaintiffs for the costs they incurred as a result of her conduct, to be taken into the custody of the United States Marshal until she complies with the Court's restraining order and preliminary injunction, and/or to strike her deposition and Answer and proceed to resolve the matter as if she had not filed an Answer in order to avoid tainting future court proceedings.

    The Court held the show-cause hearing on March 19, 2008. Defendant was present and represented by counsel at the hearing. The Court advised Frederickson about her right to testify, about the seriousness of the offense of perjury for false testimony,

2 - OPINION AND ORDER

that her testimony at the hearing would be under oath, that her responses would be available to the prosecutor for any potential perjury charge, and that she could exercise her right not to testify at the hearing. After conferring with counsel, Frederickson chose not to testify on her own behalf.

After hearing argument from counsel, the Court took the matter under advisement.

On April 3, 2008, while this matter was still under advisement, Plaintiffs' counsel notified the Court that Frederickson had filed for bankruptcy. The Court confirmed Frederickson's bankruptcy petition was filed on March 28, 2008, No. 308-31391-TMB7. The Court directed the parties to file supplemental memoranda regarding the effect of the bankruptcy petition on the Court's pending contempt proceedings. On April 21, 2008, Plaintiffs filed their Memorandum Regarding Effect of Automatic Stay on Pending Civil Contempt Ruling and a separate Memorandum Regarding Effect of Automatic Stay on Pending Litigation as a Whole.

On April 23, 2008, this Court issued an Order declining to order relief from the automatic stay resulting from the bankruptcy proceedings. Instead the Court directed Plaintiffs' counsel to seek any necessary relief, including relief from the stay and/or objection to the pending sale of Frederickson's restaurant, in the United States Bankruptcy Court for the

District of Oregon on an expedited basis and directed Plaintiffs' counsel to inform the Court as to any decision by that court to lift the automatic stay.

On May 20, 2008, Plaintiffs filed a Notice of Partial Lifting of Stay (#45) notifying this Court that, pursuant to a motion by Plaintiffs, the Bankruptcy Court partially lifted its automatic stay to allow Plaintiffs to "obtain [a] contempt order in case No. 07-CV-1185-AS[1] but not to *collect* on any judgment against the Debtor or property of the estate of the Debtor." Plaintiffs also noted the Bankruptcy Court's Order partially lifting the automatic stay does not lift the automatic stay with regard to the remainder of the matter pending before this Court. Plaintiffs' Notice indicates the Bankruptcy Court gave Plaintiffs leave to file a motion in Bankruptcy Court requesting relief from the stay to permit them to prosecute the remainder of this matter in this Court.

## BACKGROUND

Plaintiff Gregg Welch is legally blind and depends on his guide-dog Fella for assistance. Frederickson owns Bozzio's Restaurant and Lounge. Plaintiffs allege Defendants denied Fella, who was accompanying Plaintiff Gregg Welch, admittance to

---

[1] This matter was transferred to Magistrate Judge John Acosta, and, therefore, the initials at the end of the case number should reflect the letters "AC" rather than "AS."

4 - OPINION AND ORDER

Defendant Bozzio's Restaurant and Lounge on at least two occasions due to Defendants' policy barring dogs from the restaurant.

On August 9, 2007, Plaintiffs filed a Complaint against Defendants alleging claims under federal and state law for disability discrimination.  On September 4, 2007, Defendants filed an Answer.  On October 3, 2007, Plaintiffs filed a Motion for Partial Summary Judgment as to the issue of Defendants' liability on each of Plaintiffs' claims.  Defendants did not file a Response to Plaintiffs' Motion.  In addition, Defendants' counsel, in effect, admitted liability by notifying the Court in a letter dated November 12, 2007, that Defendants would not oppose Plaintiffs' Motion.  On November 15, 2007, the Court granted Plaintiffs' Motion.  Thus, the only remaining issue on the merits is the amount of Plaintiffs' damages.

On November 30, 2007, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction *Pendente Lite* based on allegations that Frederickson had liquidated a money-market account and stock holdings in excess of $50,000 and sold her house for $138,012.  On December 19, 2007, this Court approved the parties' Stipulated Order granting Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction in which the Court ordered Frederickson not to "sell, transfer, spend, disburse, withdraw from, secrete or dissipate

5 - OPINION AND ORDER

any asset worth more than $500 without first obtaining Plaintiffs' permission" from the date of the Order through the entry of judgment.

## STANDARDS

The Court has the authority to punish contempt of court. *U.S. v. Rylander*, 714 F.2d 996, 1001 (9th Cir. 1983). *See also* Fed. R. Civ. P 70(e). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Go-Video, Inc. v. The Mot. Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). The party's violation "need not be willful," and there is no good faith defense to civil contempt. *Id*. (quoting *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365). Substantial compliance based on a reasonable interpretation of the order, however, is a defense to civil contempt. *Go-Video*, 10 F.3d at 695. Civil contempt must be proved by clear and convincing evidence. *Id.* The penalties for civil contempt are designed to compel compliance with the court order or to compensate the contemnor's adversary for any damages resulting from the contemptuous behavior. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983).

Courts also have the "inherent power to dismiss an action or enter a default judgment to ensure the orderly administration of

6 - OPINION AND ORDER

justice and the integrity of their orders." *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806 (9th Cir. 1982). *See also TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 916 (9th Cir. 1987). Those powers, however, are limited by due process, and punishments such as the issuance of a default judgment must specifically address the conduct that bears on the merits of the case. *Id.* at 916-17. To clarify the process due for particular contempt sanctions, the Supreme Court held in *International Union, United Mine Workers of America v. Bagwell*:

> Certain indirect contempts nevertheless are appropriate for imposition through civil proceedings. Contempts such as the failure to comply with document discovery, for example, . . . impede the court's ability to adjudicate the proceedings before it and thus touch upon the core justification for the contempt power. Courts traditionally have broad authority through means other than contempt-such as by striking pleadings, assessing costs, excluding evidence, and entering default judgment-to penalize a party's failure to comply with the rules of conduct governing the litigation process. . . . [I]ndirect contempts involving discrete, readily ascertainable acts, such as turning over a key or payment of a judgment, properly may be adjudicated through civil proceedings since the need for extensive, impartial factfinding is less pressing.

512 U.S. 821, 833 (1994).

## **DISCUSSION**

Plaintiffs assert Frederickson lied under oath when she gave

7 - OPINION AND ORDER

inconsistent deposition testimony as to how she spent the proceeds from the sale of her home and the liquidation of her stock and money-market accounts. Plaintiffs also contend Frederickson willfully violated the Court's Temporary Restraining Order and Preliminary Injunction by spending more than $500 in cash without obtaining or even seeking Plaintiffs' permission.

Frederickson attested at her initial deposition on December 31, 2007, that she spent the profits from the sale of her home on Bozzio's Restaurant and Lounge because the business was losing money and was in need of some physical repair. She also testified she used the sale of her stocks "towards running the business." At the conclusion of her deposition, she attested she answered questions truthfully and did not need to add anything to her responses.

At her second deposition on January 14, 2008, Frederickson testified she spent the liquidated proceeds of her stock and money-market accounts almost exclusively on a drinking and gambling binge over a two-day span. She testified she spent a total of $30,000 to $50,000 and that she did not generate any winnings from her gambling.[2]

Frederickson's counsel argued at the hearing that

---

[2] In their Memorandum in Support of their Motion to Show Cause, Plaintiffs note the astronomical odds against betting $30,000 in video poker and *never* winning. Plaintiffs also argue it would be nearly impossible for Frederickson to gamble away such a large sum of money in such a short time-frame.

8 - OPINION AND ORDER

Frederickson's testimony was not inconsistent because she did not say at the initial deposition that she spent all of her money on the business. The Court does not find this argument persuasive.

In any event, Defendants' counsel conceded at the hearing that Frederickson had notice of the Court's Temporary Restraining Order and Preliminary Injunction as of December 26, 2007. As noted, in her deposition on January 14, 2008, Frederickson admitted she spent at least $30,000 and as much as $50,000 on drinking and gambling in a two-day period between December 31, 2007, and January 14, 2008. Through her counsel, Frederickson again admitted at the hearing that she spent at least $30,000 on drinking and gambling despite her awareness of the Court's Order.

On the basis of Frederickson's admissions in her deposition testimony and her counsel's statements at the show-cause hearing, the Court finds by clear and convincing evidence that Frederickson spent a minimum of $30,000 in cash on drinking and gambling between December 26, 2007, and January 14, 2008, without obtaining Plaintiffs' permission. The Court concludes Frederickson did so even though she knew the Court's Order prohibited her from spending in excess of $500 without Plaintiffs' permission. See *Armstrong*, 781 F.2d at 706. Thus, Frederickson's conduct constitutes civil contempt of the Court's Temporary Restraining Order and Preliminary Injunction.

The parties agreed at the hearing that the Court cannot

9 - OPINION AND ORDER

restore the status quo by requiring Frederickson to return the money spent in violation of the Court's Order.  Moreover, Frederickson could not post a bond for the $30,000 to $50,000 she spent without encumbering Bozzio's Restaurant and Lounge, Frederickson's only remaining asset, which is subject to the automatic stay in the bankruptcy proceeding.  In addition, because Frederickson does not have the means to return the money she spent, incarcerating her is not likely to compel her compliance with the Court's Order.  The Court, therefore, concludes the only reasonable remedy to ensure the integrity of its orders and to avoid further taint of these court proceedings is to strike Defendants' Answer and Frederickson's deposition testimony of December 31, 2007, and January 14, 2008.  Such a remedy is justified by Frederickson's willful disrespect of the legal process.

     As noted, the only remaining issue on the merits is damages because Defendants did not contest liability as to any of Plaintiffs' claims.  Thus, in the event that the Bankruptcy Court lifts the stay and permits Plaintiffs to further pursue this matter in this Court, the Court also grants Plaintiffs leave to file a motion requesting the Court to determine the amount of Plaintiffs' damages and, thereafter, to seek attorneys' fees and costs.

10 - OPINION AND ORDER

The Court defers any decision to award attorneys' fees to Plaintiffs related to their Motion to Show Cause at this time because Plaintiffs also may be entitled to attorneys' fees and costs as a prevailing party. To the extent Plaintiffs are not thereby fully compensated for their attorneys' fees or costs arising from Frederickson's contemptuous behavior, the Court grants Plaintiffs leave to seek those attorneys' fees and costs at an appropriate time.

## CONCLUSION

For these reasons, the Court concludes Defendant Frederickson committed civil contempt when she spent a sum greater than $500 without seeking Plaintiffs' permission in violation of this Court's "specific and definite" Order. *See Go-Video, Inc.*, 10 F.3d at 695. In addition, Frederickson gave testimony under oath at deposition that, at a minimum, was misleading as to the extent and disposal of her assets. Thus, the Court **STRIKES** Defendants' Answer and deposition testimony of December 31, 2007, and January 14, 2008.

In the event that the Bankruptcy Court lifts the stay and permits Plaintiffs to further pursue this matter in this Court, the Court also grants Plaintiffs leave to file a motion requesting the Court to determine the amount of Plaintiffs'

11 - OPINION AND ORDER

damages and, thereafter, to seek attorneys' fees and costs.

IT IS SO ORDERED.

DATED this 22nd day of May, 2008.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER