FILED'08 DEC 01 10:32USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGG BARTON WELCH, SR. and                07-CV-1185-AC
CAROLYN WELCH,

        Plaintiffs,                       OPINION AND ORDER

v.

RENEE FREDERICKSON and
BOZZIO'S RESTAURANT AND
LOUNGE CORPORATION, an Oregon
Corporation d/b/a THE
GARFIELD RESTAURANT,

        Defendant.


JON M. EGAN
Jon M. Egan, P.C.
240 Sixth Street
Lake Oswego, OR 97034
(503) 697-3427

       Attorney for Plaintiffs


1   -   OPINION AND ORDER

**RENEE FREDERICKSON**
c/o St. Francis Hotel
1024 S.W. Main St., Room 308
Portland, OR  97205
(503) 322-3800

      *Pro Se*

**Brown, Judge.**

    This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs (#67) and Bill of Costs (#68).

    For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion for Attorneys' Fees (#67) in the amount of **$118,633.50** and **AWARDS** costs to Plaintiffs in the amount of **$2,306.55.**

**BACKGROUND**

    Plaintiff Gregg Barton Welch, Sr., is legally blind and depends on his guide-dog Fella for assistance.  Defendant Renee Frederickson owns Bozzio's Restaurant and Lounge.

    On August 9, 2007, Plaintiffs filed a Complaint alleging Defendants improperly denied Fella, who was accompanying Plaintiff Gregg Welch, admittance to Defendant Bozzio's Restaurant and Lounge on at least two occasions in violation of Title III of the Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act of 1973, and Oregon Revised Statute § 659A.885(1) for disability discrimination.

    On October 3, 2007, Plaintiffs filed a Motion for Partial

2   -   OPINION AND ORDER

Summary Judgment as to the issue of Defendants' liability on each
of Plaintiffs' claims.  Defendants did not file a Response to
Plaintiffs' Motion.  In addition, Defendants' counsel, in effect,
admitted liability by notifying the Court in a letter dated
November 12, 2007, that Defendants would not oppose Plaintiffs'
Motion.  On November 15, 2007, the Court granted Plaintiffs'
Motion.  The only issue then remaining was the amount of
Plaintiffs' damages.

On November 30, 2007, Plaintiffs filed a Motion for
Temporary Restraining Order and Preliminary Injunction *Pendente*
*Lite* based on allegations that Frederickson had liquidated a
money-market account, stock holdings, and sold her house in order
to foreclose Plaintiffs from collecting in a final judgment.  On
December 19, 2007, this Court approved the parties' Stipulated
Order granting Plaintiffs' Motion for a Temporary Restraining
Order and Preliminary Injunction in which the Court ordered
Frederickson not to "sell, transfer, spend, disburse, withdraw
from, secrete or dissipate any asset worth more than $500 without
first obtaining Plaintiffs' permission" from the date of the
Order through the entry of judgment.

On February 2, 2008, Plaintiffs filed a Motion for Order to
Show Cause as to why the Court should not hold Defendant Renee
Frederickson in contempt for violation of the Court's Temporary
Restraining Order and Preliminary Injunction *Pendente Lite*.  On

3   -  OPINION AND ORDER

April 3, 2008, while the Motion was still under advisement, Plaintiffs' counsel notified the Court that Frederickson had filed for bankruptcy. On April 23, 2008, this Court issued an Order directing Plaintiffs' counsel to seek any necessary relief, including relief from the stay and/or objection to the pending sale of Frederickson's restaurant, in the United States Bankruptcy Court for the District of Oregon on an expedited basis and directed Plaintiffs' counsel to inform the Court as to any decision by that court to lift the automatic stay. On May 20, 2008, Plaintiffs filed a Notice of Partial Lifting of Stay informing this Court that, pursuant to a motion by Plaintiffs, the Bankruptcy Court partially lifted its automatic stay to allow Plaintiffs to obtain a contempt order in this matter but not to collect on any judgment against Defendants.

On May 22, 2008, the Court issued an Opinion and Order in which it concluded Defendant committed civil contempt. In addition, the Court granted Plaintiffs leave to file a motion requesting the Court to determine the amount of Plaintiffs' damages and to seek attorneys' fees and costs if the Bankruptcy Court lifted the stay and permitted Plaintiffs to further pursue the matter in this Court.

On June 27, 2008, Plaintiffs obtained an amended Order from the Bankruptcy Court allowing Plaintiffs "to take any actions required to proceed to judgment" in this matter, but "not to

register or collect any such judgment against the Debtor or the property of the Debtor's estate."  Also on June 27, 2008, Plaintiffs filed a Motion for Default.  On July 10, 2008, Magistrate Judge John V. Acosta granted Plaintiffs' Motion for Default.

On July 14, 2008, the Court held a *prima facie* hearing to determine the damages, including punitive damages, to which Plaintiffs were entitled.  On September 9, 2008, the Court entered Judgment against Defendants ($60,000 in compensatory damages and $18,000 in punitive damages to Plaintiffs and $27,000 derived from Plaintiff's original punitive damages award to the Criminal Injuries Compensation Account of the Oregon Department of Justice pursuant to Oregon Revised Statute 31.735(1)).

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

### Standards

### I.  Attorneys' Fees Under the Americans with Disabilities Act and the Rehabilitation Act.

The ADA provides:  "In any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  Similarly, the Rehabilitation Act provides:  "In any action . . . to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party . . . a

5  -  OPINION AND ORDER

reasonable attorney's fee as part of the costs."  29 U.S.C.
§ 794a(2)(b).

The Ninth Circuit has adopted a lodestar/ multiplier
approach for assessing the amount of reasonable attorneys' fees
when an award is granted pursuant to a federal statute.
*D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383
(9th Cir. 1990)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433,
434 n.9 (1983)).  *See also Van Gerwen v. Guar. Mut. Life Co.*, 214
F.3d 1041, 1045 (9th Cir. 2000).

The lodestar/multiplier analysis is made up of two parts.
The court first calculates the lodestar amount by multiplying the
number of hours the prevailing party reasonably expended on the
litigation by a reasonable hourly rate.  *Morales v. City of San
Rafael*, 96 F.3d 359, 363 (9th Cir. 1996).

To determine the lodestar amount, the court may consider the
following factors:  (1) the time and labor required; (2) the
novelty and difficulty of the questions involved; (3) the skill
requisite to perform the legal service properly; (4) the
preclusion of other employment by the attorney due to acceptance
of the case; (5) the customary fee; (6) whether the fee is fixed
or contingent; (7) time limitations imposed by the client or the
circumstances; (8) the amount involved and the results obtained,
(9) the experience, reputation, and ability of the attorneys;
(10) the 'undesirability' of the case; (11) the nature and length

of the professional relationship with the client; and (12) awards
in similar cases. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d
67, 70 (9th Cir. 1975).

The party seeking the award of fees must submit evidence to
support the number of hours worked and the rates claimed. *Van
Gerwen*, 214 F.3d at 1045.  In addition, the party seeking an
award of fees "has the burden to prove that the rate charged is
in line with the 'prevailing market rate of the relevant
community.'" *Carson v. Billings Police Dep't*, 470 F.3d 889, 891
(9th Cir. 2006)(quoting *Guam Soc'y of Obstetricians &
Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996)).  "A
district court should exclude from the lodestar amount hours that
are not reasonably expended because they are 'excessive,
redundant, or otherwise unnecessary.'" *Gerwin*, 214 F.3d at 1045
(citation omitted).

After determining the lodestar amount, the court assesses
whether it is necessary to adjust the lodestar upward or downward
based on the *Kerr* factors that are "not already subsumed in the
initial calculation of the lodestar." *Morales*, 96 F.2d at 363-
64.  The lodestar amount is presumed to be the reasonable fee,
"and thus a multiplier may be used to adjust the lodestar amount
upward or downward only in rare and exceptional cases, supported
by both specific evidence on the record and detailed findings by
the lower courts that the lodestar amount is unreasonably low or

unreasonably high." *Id.* (citations and internal quotations omitted).

In addition, the Court has an independent duty to review the Plaintiff's request for attorneys' fees for reasonableness. *See Gates v. Deukmejian,* 987 F.2d 1392, 1401 (9th Cir. 1993).

## II. Attorneys' Fees Under Oregon Revised Statute § 659A.885(1).

Under Oregon Revised Statute § 659A.885(1), a prevailing party is allowed an award of reasonable attorneys' fees. An award of attorneys' fees under Oregon law is governed by Oregon Revised Statute § 20.075 and is within the court's discretion. *Ashley v. Garrison,* 162 Or. App. 585, 592 n.3. (1999). *See also* Or. Rev. Stat. § 20.075(3). As noted, however, the Court is only authorized to award reasonable attorneys' fees to a party. Or. Rev. Stat. § 20.075(4).

Section 20.075 mandates a two-step inquiry: First, under § 20.075(1) a court must consider eight nonexclusive factors when deciding whether an award of attorneys' fees is warranted. *See Preble v. Dep't of Revenue,* 331 Or. 599, 602. (2001). If the court elects to award attorneys' fees pursuant to § 20.075(1), § 20.075(2) then requires the court to consider the factors identified in subsection (1) together with the eight factors set forth in subsection (2) to determine the amount of any such award. *McCarthy v. Or. Freeze Dry, Inc.,* 327 Or. 185, 188. (1998). A court satisfies the requirements of § 20.075(1) and

8   -   OPINION AND ORDER

(2) by including in its order a brief description of or citation to the factor or factors on which it relies when granting or denying an award of attorneys' fees. *Id.* The Court is not required to make findings about irrelevant or immaterial factual matters or legal criteria. *Id.*

## Discussion

As the prevailing parties, Plaintiffs seek a total of $118,633.50 for the work of their attorney, Jon M. Egan. That amount includes $114,171.00 for 400.6 hours of legal work performed by Egan and $4,462.50 for 42.5 hours of work performed by his assistants. Plaintiffs request fees under both federal and Oregon law. Although Defendants do not participate at this stage to object to Plaintiffs' request for attorneys' fees, the Court, in any event, has an independent duty to review the Plaintiff's request for attorneys' fees for reasonableness. *See Gates*, 987 F.2d at 1401 (9th Cir. 1993).

There does not appear to be any substantive difference between federal and state law as to the factors the Court should consider for determining the reasonableness of the fee award for purposes of this case. The Court, therefore, undertakes its analysis of reasonableness under federal law. *See Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1031-32 (D. Or. 1996) (analyzed reasonableness under federal law in an action brought under the ADA and Oregon discrimination laws).

## I.   Reasonableness of Hourly Rate.

To determine the reasonable hourly rate, this Court uses the most recent Oregon State Bar Economic Survey published in 2007 as its initial benchmark.  Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors.

Egan, who had been practicing law for seven years at the time that Plaintiffs filed their Complaint, requests an hourly rate of $285.  Plaintiffs point out this rate is between the median and 75th percentile set out by the Oregon Bar Survey for attorneys with seven to nine years of practice in plaintiffs' civil litigation excluding personal-injury cases.  In addition, Egan has specialized in guide-dog and service-animal legal issues.  Moreover, this case was relatively high risk in light of Defendant Frederickson's status as a small business owner.

Considering all of these circumstances, the Court finds Egan's requested rate is reasonable.  The Court concludes, therefore, that the $285 per hour rate for Egan is a reasonable rate for work performed by Egan in this case.

Plaintiffs also request a rate of $105 per hour for work performed by Egan's assistants.  In his Declaration, Egan asserts that rate is consistent with the market rate for legal assistants with similar backgrounds, education, and experience.  After reviewing the documentation submitted by Plaintiffs, the Court agrees it is reasonable.

## II.  Reasonableness of Number of Hours Worked.

As noted, Plaintiff requests a total of 400.6 hours for work performed by Egan and 42.5 hours for work performed by his assistants.  Plaintiff's request is supported by Egan's Declaration.  The Court has considered the pertinent factors as set out in *Kerr* and, in the exercise of its discretion, finds the number of hours worked by Egan and his assistants to be reasonable.  526 F.2d at 70.

In summary, the Court finds Plaintiffs are entitled to an award of attorneys' fees of $114,171 (400.60 hours at the rate of $285 per hour) for Egan and $4,462.50 (42.50 hours at the rate of $105 per hour) for Egan's assistants or a total of $118,633.50.[1]

### PLAINTIFF'S BILL OF COSTS

### Standards

Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the Court directs otherwise.  Fed. R. Civ. P. 54(d).  The Court must limit an award of costs to those defined in 28 U.S.C. § 1920.  *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).  Section 1920 provides:

_____

[1] The Court attaches as Exhibit 1 a spreadsheet summarizing this data.

11  -  OPINION AND ORDER

A judge or clerk of any court of the United
States may tax as costs the  following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any
part of the stenographic transcript necessarily
obtained for use in the case;
(3)Fees and disbursements for printing and
witnesses;
(4)Fees for exemplification and copies of papers
necessarily obtained for use in the case;
(5)Docket fees under section 1923 of this title;
(6)Compensation for court-appointed experts,
compensation of interpreters, and salaries,
fees, expenses, and costs of special
interpretation services under § 1828 of this
title.

## Discussion

Plaintiff requests a total of $2,544.20 in copying costs,

postage costs, toll telephone charges, fees paid to the Clerk of

Court, fees for completing service of summons, and transcript

fees.

## I.   Copying Costs.

Plaintiff requests $176.85 in copying costs.

Section 1920 does not contemplate an award of costs incurred

for in-house copying expenses.  See *Frederick v. City of*

*Portland*, 162 F.R.D. 139, 142 (D. Or. 1995)("[D]efendants'

request [for costs] is inappropriate as it represents costs

associated with the in-house photocopying of defense counsel.").

*See also Voight v. Subaru-Isuzu Automotive, Inc.*, 141 F.R.D. 99,

103 (N.D. Ill. 1992)("Photocopying charges attributable to

discovery and the court's copies of pleading, motions and

12   -  OPINION AND ORDER

memoranda are 'reasonably necessary for use in the case' and can be awarded.  However, extra copies of file papers and correspondence, and copies of cases are not necessary, but are for the convenience of the attorneys and are therefore not taxable.").

Extra copies of documents for deposition and witness preparation are in-house copies made for the convenience of the attorneys and, therefore, these costs are not taxable.  In contrast, "charges for exhibits and documents submitted to the court in support of motions, as well as copies of pleadings, motions and memoranda provided to the court are . . . recoverable." *Grady v. Bunzl Packaging Supply Co.,* 161 F.R.D. 477, 479 (N.D. Ga. 1995).

Plaintiffs did not provide sufficient descriptions of their copying costs to enable the Court to determine what they were for or who they were for; *i.e.,* to determine whether they are allowable under § 1920.  Accordingly, the Court declines to award copying costs to Plaintiffs.

## II. Postage and Toll Telephone Charges.

Plaintiffs request $30.35 for postage and $30.45 for toll telephone charges.

Costs for telephone charges and postage are not expressly provided for under § 1920.  Accordingly, the Court declines to award postage and toll telephone charges to Plaintiffs.

## III. Miscellaneous Costs.

The Court finds Plaintiffs' remaining request for costs of fees to the Clerk of Court, fees for completing service of summons, and transcript fees are allowed under § 1920 and necessarily and reasonably incurred.  Accordingly, the Court awards Plaintiff $2,306.55 in costs for those fees.


### CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees (#141) in the amount of **$118,633.50** and **AWARDS** costs to Plaintiff in the amount of **$2,306.55**.

IT IS SO ORDERED.

DATED this 26th day of November, 2008.


ANNA J. BROWN
United States District Judge

Fees

*Welch v. Frederickson*
**Plaintiff's Motion for Attorneys' Fees**

| Attorney | Rate Requested | Hours Requested | Years in Practice | Survey Rate (75th) | Rate Allowed | Total Requested incl fee prep | Hours Disallowed | Hours Allowed | Total Allowed | Less Percentage Reduction |
|---|---|---|---|---|---|---|---|---|---|---|
| Jon Egan | $285.00 | 400.60 | 8 | $275.00 | $285.00 | $114,171.00 | 0.00 | 398.60 | $113,601.00 | $113,601.00 |
| | | 2.00 | | | | | | | | |
| less atty fees request | | **398.60** | | | | | **0.00** | **398.60** | **$113,601.00** | **$113,601.00** |
| | | | | | | | | | | |
| Assistants | $105.00 | 42.50 | n/a | n/a | $105.00 | $4,462.50 | 0 | 41.3 | $4,336.50 | $4,336.50 |
| | | 1.2 | | | | | | | | |
| less atty fees request | | **41.30** | | | | | **0.00** | **41.30** | **$4,336.50** | **$4,336.50** |
| | | | | | | | | | | |
| **Totals** | | 443.10 | | | | **$118,633.50** | **0.00** | **439.90** | **$117,937.50** | **$117,937.50** |
| less atty fees request | | | | | | $117,937.50 | | percentage of fees granted | | 100.00% |
| overall percentage reduction | | | | | | | | | | 0.00% |
| | | | | | | | | | | |
| **Attorneys' Fee Request** | | | | | | **$696.00** | | | | **$696.00** |
| | | | | | | | | | | |
| **Grand Total** | | | | | | | | | | **$118,633.50** |

**Attorneys' Fee Motion Prep**

| | Hours | Total | |
|---|---|---|---|
| Egan | 2 | $570.00 | |
| Assistants | 1.2 | $126.00 | |
| **Total** | | **$696.00** | Exhibit 1 |